STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Defendants
PRIMROSE METALS, INC., RICHARD RAYBIN, and LIFETIME CAPITAL GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORCA INDUSTRIAL, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WREN, an individual, PRIMROSE METALS, INC., a California corporation, RICHARD RAYBIN, an individual, LIFETIME CAPITAL GROUP, an unknown entity, and VICTORIA PICOLOTTI, an individual,<br><br>Defendants. | CASE NO. C 07-3425 WHA<br><br>OPPOSITION OF DEFENDANTS PRIMROSE METALS, INC., RICHARD RAYBIN, AND LIFETIME CAPITAL GROUP TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>Date: July 3, 2007<br>Time: 3.30 p.m.<br>Court: Courtroom 9, 19th Floor<br>Judge: Hon. William H. Alsup |

## I. INTRODUCTION

Defendants Primrose Metals, Inc., Richard Raybin, and Lifetime Capital Group (the "Raybin Parties") oppose the grant of a temporary restraining order and/or an order to show cause against them, but do not oppose the issuance of an order permitting limited expedited discovery by all parties.

The Raybin Parties oppose the granting of any form of interim relief (other than with respect to discovery) on the grounds that plaintiff Norca Industrial, LLC ("Norca") has failed to make the showing necessary for such relief. Specifically, the moving papers provide no evidence

-1-

whatsoever of any conduct by any of the Raybin Parties that make out a prima facie case of trade secret misappropriation, or any other cause of action asserted in the complaint, which could possibly provide the basis for a temporary restraining order, or any other relief – either interim or otherwise. Indeed, the action against the Raybin Parties should be dismissed – which is exactly what those parties have already asked counsel for Norca to do.

## II.    RAYBIN PARTIES

Primrose Metals, Inc. ("Metals") is an entity incorporated by Richard Raybin ("Raybin") to serve as the vehicle for a business venture between Raybin and Robert Wren ("Wren"), focused on importing metal products.[1] A disagreement thereafter arose between Raybin and Wren, as a result of which Wren withdrew from the proposed joint business venture and set up Primrose Alloys, Inc. ("Alloys") as an alternative vehicle for the business venture.[2] Raybin has no ownership or other interest in Alloys.

Raybin is a financial advisor who conducts business as such under the name of Lifetime Capital Group ("LCG"). LCG conducts business solely as a financial advisor, as has nothing whatsoever to do with Metals or Alloys or the metal products business.

## III.    ARGUMENT

The complaint asserts seven causes of action, namely claims for: (1) alleged trade secret misappropriation; (2) alleged unfair business practices; (3) alleged breach of fiduciary duty; (4) alleged breach of the duty of loyalty; (5) intentional interference with advantageous business relationships; (6) intentional interference with prospective economic advantage; and (7) misappropriation of employer property. Each of these claims is asserted against *every* defendant – sometimes based on the vague conclusory allegation that Wren acted "in concert with" the other defendants.[3] However, as we discuss below, none of those claims are supported by any facts, and most are simply frivolous on their face. Thus, no claim asserted by Norca provides a basis for the granting of any interim relief.

---

[1]. Declaration of Richard Raybin dated July 3, 2007 ("Raybin Dec."), ¶3. Unless otherwise indicated, the other facts set out in this opposition are also supported by that declaration.
[2]. Declaration of Robert Wren dated July 2, 2007, ¶¶ 12, 14-15.
[3]. Complaint, ¶¶ 20, 46, 52,

-2-

### A. Lifetime Capital Group Has Nothing To Do With This Dispute And Should Be Dismissed From The Action

It is indisputable that LCG is a financial advisor and has nothing whatsoever to do with the purchase of metal products that is the focus of this litigation. Indeed, nothing in the complaint or any other paper submitted by Norca provides any facts that suggest otherwise. Thus, LCG should clearly not even be a party to this litigation, and no interim relief may be granted against it.

### B. Norca Has Failed To Carry Its Burden Of Proof With Respect To Raybin And Primrose Metals

The only substantive allegations against Raybin personally involve setting up the Metals website and the incorporation of Metals. Complaint, ¶ 22. All of the other references are conclusory allegations that Raybin was involved in some improper conduct giving rise to a cause of action. But the facts belie those conclusory allegations, as we now proceed to show.

*1. Norca Has Failed To Carry Its Burden Of Proof With Respect To The Trade Secrets Claim*

There is simply no substantive allegation of fact that Raybin disclosed, used or otherwise misappropriated any alleged trade secret, and Raybin affirmatively denies that that he engaged in any such misappropriation.[4] Thus, Norca cannot even satisfy the first element of the requirements for preliminary injunctive relief, namely "the likelihood of the moving party's success on the merits." *Owner Operator Independent v. Swift Transportation Co.* 367 F.3d 1108, 1111 (9th Cir. 2004); *Perfect 10, Inc. v. Cybernet Ventures, Inc.* 213 F.Supp.2d 1146, 1165 (C.D. Cal. 2002) ("[S]*trong* likelihood of success on the merits" required - emphasis added). Nor can Norca satisfy the other requirements for relief against Raybin, namely that unless Raybin is restrained Norca will sustain irreparable injury, and that the balance of hardships favors Norca. *Id.* Further, with regard to the issue of irreparable injury, Norca has also failed to show that the remedy of damages for any alleged harm to Norca constitutes an inadequate remedy as to Raybin. *Weinberger v. Romero-Barcelo* (1982) 456 US 305, 312; 102 SCt 1798, 1803 ("The basis for injunctive relief (preliminary

---

[4]. Raybin Dec., ¶4.

-3-

or permanent) in the federal courts has always been irreparable injury and the inadequacy of legal remedies.")  Thus, no temporary restraining order or other form of injunctive relief may be granted as to Raybin.

Metals' position is similar to that of Raybin, and interim relief must also be denied as to Metals for similar reasons.  While Metals was incorporated to act as the vehicle for Wren's activities in the business of importing metal products, and while the initial announcements of that new business and other initial business contacts were made in the name of Metals, by late June, 2007 Wren had set up Alloys and begun to divert his business activities through Alloys.  Thus, as of the end of June Metals had ceased to be involved in any activity in the metal importation business.  Accordingly, Norca also cannot meet its burden of proof as to Metals either, for the same reasons that Norca cannot meet that burden as to Raybin.  That result is not altered by the fact that some of Wren's alleged conduct may have occurred at a time that he was acting as the agent of Metals, because the papers fail to make out a prima facie case against Wren either.

Wren will presumably address the allegations against him in his own opposition.  However, because – and to the extent that – Metals may be affected by those allegations, some comment by the Raybin Parties is appropriate.  Specifically, the allegations with regard to telephone numbers, plans to compete, allegedly misleading announcements, alleged copying of web site information, etc. – even if capable of proof (which is not admitted) – are simply not relevant to Norca's misappropriation of trade secrets claim.  Thus, any pre-filing conduct of Wren that is attributable to Metals does not justify the granting of interim relief against Metals either.

### 2. *Norca Has Also Failed To Carry Its Burden Of Proof With Respect To The Remaining Claims*

Norca's other claims also fail to provide any grounds for interim relief against any of the Raybin Parties.  The unfair trade practices claim must fail because it is based on the same flawed conclusory allegations as the misappropriation of trade secrets claim.  Complaint, ¶ 39.  And on the breach of fiduciary duty and breach of loyalty claims, Norca has not even attempted to identify any relationship between itself and any of the Raybin Parties that could conceivably give rise to a fiduciary duty or duty of loyalty.  To the contrary, these claims are predicated on an *employee's*

-4-

Opposition of Defendants Primrose Metals, Raybin, and Lifetime Capital Group to Plaintiff's Motion for Temporary Restraining Order – Case No. C07-3425-WHA

1  duty to an employer – at it is indisputable that none of the Raybin Parties was ever an employee of
2  Norca.  Thus, interim relief is not justified based on those claims either.
3      With regard to the interference claims, we note initially that intentional interference with
4  advantageous business relationships" and "intentional interference with prospective economic
5  advantage" actually constitute a single cause of action.  *Della Penna v. Toyota Motor Sales, U.S.A.,*
6  *Inc.* 11 Cal.4th 376, 392.  With regard to matters of substance, Norca has failed to identify any
7  relationship whatsoever that was allegedly interfered with by any of the Raybin Parties.  Indeed, the
8  only relationship identified at all is the alleged "exclusive" relationship between Norca and the
9  Changwon mill – which alleged exclusivity is based merely on purported "standard practice" of
10 Korean mills.  Norca Memo., 5:11-13.  Even assuming for the sake of argument the accuracy of this
11 dubious contention by Norca, the Raybin Parties are quite simply not even *alleged* to be involved in
12 the alleged interference.  Nor is there any evidence that supports the other elements of an
13 interference cause of action, namely: (1) knowledge of the existence of the relationship; (2)
14 intentional conduct designed to interfere with or disrupt the relationship; (3) actual disruption; (4)
15 damage; and (5) conduct that is *independently wrongful.  Della Penna v. Toyota Motor Sales,*
16 *U.S.A., Inc.* 11 Cal.4th 376, 380, fn. 1, 393.  Thus, the interference causes of action do not justify
17 the granting of interim relief either.
18     Finally, there is also no evidence that any of the Raybin Parties ever had access to, let alone
19 misappropriated, "employer property."  Moreover, even if such misappropriation could be proven,
20 injunctive relief is not an appropriate remedy, and the requirements for such relief cannot be shown.
21     Under the circumstances, Norca is unable to carry its burden of proving that the
22 requirements for injunctive relief, or any other interim relief, are satisfied with respect to any of the
23 other causes of action either.

### IV.   CONCLUSION

25     For the foregoing reasons, Norca has failed to make the showing that is required to justify a
26 temporary restraining order or any other form of interim relief against any of the Raybin Parties.
27 Therefore, the motion should be denied.  The Raybin Parties respectfully request that the court
28 should so order.

-5-

Opposition of Defendants Primrose Metals, Raybin, and Lifetime Capital Group to Plaintiff's
Motion for Temporary Restraining Order – Case No. C07-3425-WHA

1  Dated: July [3] , 2007                    CARR & FERRELL *LLP*

3                                            By: /s/ Stuart C. Clark
                                                 STUART C. CLARK
4                                                CHRISTINE S. WATSON

5                                            Attorneys for Defendants
                                             PRIMROSE METALS, INC., RICHARD
6                                            RAYBIN, and LIFETIME CAPITAL GROUP