R. SCOTT ERLEWINE (State Bar No. 095106)
MEAGAN MCKINLEY-BALL (State Bar No. 245375)
PHILLIPS, ERLEWINE & GIVEN LLP
One Embarcadero Center, Suite 2350
San Francisco, California 94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

Attorneys for Plaintiff
NORCA INDUSTRIAL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCA INDUSTRIAL, LLC, a New York Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT WREN, an individual; PRIMROSE METALS, INC., a California corporation; RICHARD RAYBIN, an individual; LIFETIME CAPITAL GROUP, an unknown entity; VICTORIA PICOLOTTI, an individual;<br><br>　　　　　　Defendants. | CASE NO.  C 07 3425 WHA<br><br>**SUPPLEMENTAL DECLARATION OF SELIM BAHAR IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**<br><br>Date:　July 3, 2007<br>Time:　3:30 p.m.<br>Ctrm: Hon. William H. Alsup |

SELIM BAHAR declares:

　　　　1.　　I am president of plaintiff Norca Industrial LLC, a New York limited liability company (hereafter "Norca").  The facts stated in this declaration are based upon my personal knowledge.

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

BAHAR SUPP. DECL. ISO APP. FOR TRO/PREL. INJ. - Case No.  C 07 3425 EDL
S:\Clients\Norca\8049.15 (Wren)\pld\rse-bahar-supp-decl-tro-app-070307.wpd

2. I have reviewed Robert Wren's declaration dated July 2, 2007 filed in opposition to Norca's application for a temporary restraining order and preliminary injunction. Although I disagree with many of Mr. Wren's assertions made in his declaration, I will only specifically address a few of them here.

3. The implication in paragraphs 4 and 5 of Mr. Wren's declaration that the purported "$22 Million book of business" he moved to Norca included boiler tube business is untrue. The "book of business" he brought to Norca involved stainless steel and aluminum bar products, and other tube products not including boiler tubes. The boiler tube business first arose and was developed while Mr. Wren was employed by Norca. Mr. Wren did not move anything like $22 Million in business to Norca. His base of business quickly evaporated due to dumping suits against bar products and the change in ownership of an aluminum mill in Korea.

4. The statement in paragraph 7 of Mr. Wren's declaration that "Norca was never able to arrange a business meeting with any executive of Posco during my tenure at Norca" is untrue. For example, I personally met with Posco executives whenever I traveled to Korea every two or three months for the last few years.

5. The further statement in paragraph 7 that Changwon "does not maintain any 'exclusive' deals with any trader, including Norca" is untrue. In addition to the facts set forth in my earlier declaration, so far as I am aware and during the period of Mr. Wren's employment with Norca up until June 2007, Changwon never provided quotes for boiler tube products to be sold to North American customers except through Norca.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 3, 2007                               _____

Selim Bahar

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

BAHAR SUPP. DECL. ISO APP. FOR TRO/PREL. INJ. - Case No.  C 07 3425 EDL
S:\Clients\Norca\8049.15 (Wren)\pld\rse-bahar-supp-decl-tro-app-070307.wpd

2